UNITED STATES *v.* IRVING W. RICE & Co. (No. 3219)[1]

T. D. 43673.

United States Court of Customs and Patent Appeals, October 28, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Ralph Folks* and *Fred J. Carter,* special attorneys, of counsel), for the United States.
No appearance for appellee.

[Oral argument October 9, 1929, by Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

Certain merchandise invoiced as "cotton velvet animals as pin cushions" was assessed for duty by the collector at 70 per centum as "toys" under paragraph 1414 of the Tariff Act of 1922, which reads as follows:

Dolls and parts of dolls, doll heads, toy marbles, of whatever materials composed, air rifles, toy balloons, toy books without reading matter other than letters, numerals, or descriptive words, bound or unbound, and parts thereof, garlands, festooning and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for, 70 per centum ad valorem.

Each of the articles when imported had a few pins inserted in it. The importer protested the classification, setting up claims that the merchandise was dutiable under paragraph 399, or 1443, or 410, or 1313, or 1303, or 1440, or 921, or 1439, or 214, or 218, or 1402, or 919, or 1021. No claim was made in the protest that the merchandise was dutiable under paragraph 910.

In its opinion the Customs Court, first division, said:

The merchandise here in question is invoiced as "cotton velvet animals as pin cushions." It has been conceded that cotton velvet is the component material of chief value. * * * There are more than a dozen claims in the protests, among them a claim that the merchandise is dutiable at 40 per centum ad valorem under paragraph 921. This provision covers among other things manufactures in chief value of cotton, and is the only provision named in the protest which is at all applicable to this merchandise. On the whole we are of the opinion that the weight of the testimony indicates that these articles are "reasonably capable of use for some practical purpose other than the amusement of children." *Illfelder* case, 1 Ct. Cust. Appls. 109, 111, T. D. 31115. They are therefore not toys. The merchandise, being a manufacture in chief value of cotton, necessarily falls within that provision of paragraph 921 which provides for "all articles made from cotton cloth * * * and all manufactures of cotton of which cotton is the component material of chief value." We therefore hold it dutiable thereunder at 40 per centum ad valorem.

Were it necessary to a decision of the case for us to pass upon the finding of the court below that the collector improperly classified the merchandise in question as "toys" under paragraph 1414, we should have great difficulty in concluding that there was sufficient evidence to support such a finding. However, in the view of the case which we have taken it is not necessary to decide this question, and we content ourselves with saying that the sticking of pins in the articles in question before importation, evidence of their use by six or seven persons as pincushions, and the fact that they are of such a character that pins may be stuck in them does not necessarily take them out of the classification of "toys" as defined in the case of *Illfelder* v. *United States, supra.* The words used in that case, and quoted by the court below, "reasonably capable of use for some practical purpose other than the amusement of children," must be given a reasonable construction. The merchandise in question consists of cotton velvet animals, and the collective Exhibit 1, admitted in evidence, illustrative of the merchandise in question, consisted of a dog, a duck, and an owl. The dog and the owl are very insecure in an upright position, and it would be very difficult to insert pins in them without tipping them over. From a mere inspection of the articles it would never occur to us that they were reasonably capable of use as pincushions. However, as heretofore indicated, it is not necessary for us to decide whether the proof of the importer sustains the utilitarian character of the merchandise in question, or whether the proof of the Government shows commercial designation of the merchandise as a toy.

It is well settled that a protestant must show not only the incorrectness of the classification protested against, but also the correctness of the classification claimed; where the merchandise is dutiable neither as classified nor as claimed, the protestant has not sustained this burden of proof and must fail. *United States* v. *Sears, Roebuck & Co.,* 9 Ct. Cust. Appls. 33.

Has the appellant claimed in his protest a paragraph under which the merchandise is dutiable, if it is not dutiable under paragraph 1414 as found by the collector? The court below found that it was dutiable under paragraph 921, stating that that paragraph covers, among other things, manufactures in chief value of cotton, "and is the only provision named in the protest which is at all applicable to this merchandise."

We agree with this statement, but this is not enough to support classification under paragraph 921. If it appears that the merchandise was dutiable under a paragraph not named in the protest, if the classification of the collector was erroneous, the protestant must fail.

Paragraph 921, which was held by the court below to be the dutiable paragraph, reads as follows:

All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for, 40 per centum ad valorem.

Paragraph 910 reads as follows:

Pile fabrics, composed wholly or in chief value of cotton, including plush and velvet ribbons, cut or uncut, whether or not the pile covers the whole surface, and manufactures, in any form, made or cut from cotton pile fabrics, 50 per centum ad valorem; terry-woven fabrics, composed wholly or in chief value of cotton, and manufactures, in any form, made or cut from terry-woven fabrics, 40 per centum ad valorem.

Upon the opening of the trial in the lower court, the importer's counsel stated as follows:

Mr. Seigel. Certain articles which are conceded to be made of cotton velvet were returned as toys. We propose to prove the utilitarian use and a use other than for the exclusive use of children.

Justice Sullivan. Do I understand the component material of chief value is conceded?

Mr. Seigel. Yes.

Justice Sullivan. What is it?

Mr. Seigel. Cotton velvet.

It being admitted that the articles in question are made of cotton velvet, and that the component material of chief value is cotton velvet, which under all the definitions of velvet is a pile fabric, it follows that they are manufactures made from cotton pile fabric, and are dutiable either under paragraph 1414 or 910, the last-named paragraph being more specific than paragraph 921.

Therefore, appellee having failed to claim paragraph 910 as the proper dutiable paragraph, its protest can not be *sustained*, regardless of whether the collector's classification was correct or not.

For this reason the judgment of the Customs Court must be *reversed*.